# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **GARY DEAN WALKER** | **CIVIL ACTION NO. 07-128-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gary Dean Walker ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 11, 2007. Plaintiff complains his civil rights were violated during his arrest and incarceration at Caddo Correctional Center ("CCC") in Shreveport, Louisiana. He names Steve Prator, Dorothy Sutton, Rick Ferris, Sheila Wright, Exie Dean, Silver Busey, Officer Mandles, Shreveport Police Officer John Doe 1, Shreveport Police Officer John Doe 2, Jim Roberts, John Sells, Richard Van Rosendall, S. Mitchell, Deputy McLofton, Deputy Pace, Kirby Dawson, Carol Martin, Commander Coleman, Lt. Leach, Deputy Gay, Deputy John Wright, Deputy Jack Brown, R. Grear, Sgt. Walker, Sgt. Mosely, ERT John Doe 1, ERT John Doe 2, ERT John Doe 3, ERT John Doe 4 and ERT John Doe 5 as defendants.

Plaintiff previously filed the claims raised in this action in this Court in civil action #03-cv-1911.  Plaintiff requested that this Court refer to civil action #03-cv-1911 for the statement of his claims because his legal papers were allegedly destroyed in a fire.  Plaintiff's claims against Dorothy Sutton, Rick Ferris, Sheila Wright, Exie Dean and Silver Busey in #03-cv-1911 were dismissed with prejudice as frivolous on October 6, 2005.  Plaintiff's claims against Steve Prator, Officer Mandles, Shreveport Police Officer John Doe 1, Shreveport Police Officer John Doe 2, Jim Roberts, John Sells, Richard Van Rosendall, S. Mitchell, Deputy McLofton, Deputy Pace, Kirby Dawson, Carol Martin, Commander Coleman, Lt. Leach, Deputy Gay, Deputy John Wright, Deputy Jack Brown, R. Grear, Sgt. Walker, Sgt. Mosely,  ERT John Doe 1, ERT John Doe 2, ERT John Doe 3, ERT John Doe 4 and ERT John Doe 5 in #03-cv-1911 were dismissed without prejudice for failure to prosecute on December 15, 2005.

Plaintiff claims that on October 8, 2003, he was sitting in his brother Jeff Walker's truck when Shreveport Police Officers with guns pointed ordered him to step out of the truck. He claims Officer Mandles thought he was his brother Jeff Walker even after she saw his identification card.  He further claims Officer Mandles did not believe he was paralyzed and pulled him from the truck.  He claims he fell to the ground after he was pulled from the truck. He claims Officer Mandles placed her knee in the small of his back after he threatened to sue her.  He claims the two officers with Officer Mandles did nothing to stop her.  He claims that as a result of this incident he was injured.  Specifically, Plaintiff claims he is no longer able

to feel when he has to urinate or defecate.  He also claims Officer Mandles refused him his wheelchair.  Plaintiff claims Shreveport Police Officers then transported him to CCC and Officer Mandles left him dying face down in the backseat of her car while she went into CCC.

Plaintiff claims Richard Van Rosendall ordered him out of the patrol car and then pulled him from the car and jammed his head into the door.  He claims he then fell to the ground.  Plaintiff claims his head and neck were injured.  He claims Richard Van Rosendall then called the ERT to assist him.  He claims the ERT picked him up, carried him into the building and left him on the floor.  Plaintiff claims Sgt. Mitchell and Commander Coleman witnessed the violations of his civil rights and did nothing.  He claims the five ERT members gave him orders even though he told them he was paralyzed and needed a wheelchair.  He claims he was forced to slide on the floor even though there was a wheelchair within 10 to 20 feet of where he was.  He claims Nurse Silver Busey eventually checked his blood pressure and informed the officers that he was a paraplegic and his blood pressure was elevated.  Plaintiff claims he had to be transported to LSU Medical Center on October 9, 2002, because his blood pressure was elevated.

Plaintiff claims that while incarcerated at CCC, Deputy Gay, Deputy John Wright, Deputy Jack Brown, Lt. Leach, Sgt. Walker and Sgt. Mosely placed him in non-handicap cells. He claims he was unable to access the shower and toilet facilities even in the handicap accessible cells and was forced to defecate on himself and his bed.  He claims Defendants

left him lying in his own waste.  He claims he was unable to access the shower facilities.  He claims he was denied diapers.  Specifically, he claims that in November 2002, he was placed in a non-handicap cell for 16 hours and as a result he suffered a bed sore.  He claims that on June 27, 2003, Lt. Leach placed him in a non-handicap cell even though he knew he was paralyzed.

Plaintiff claims that on May 1, 2003, Deputy Pace and Deputy McLofton physically attacked him while he was in his wheelchair because he refused to go to a non-handicap cell.  He claims Pace and McLofton grabbed his neck and head and pushed him up and down.  He claims Pace and McLofton also pulled his arms behind his wheelchair in order to handcuff him.  He claims his head, neck and left arm were injured. Plaintiff claims he still does not have use of his left arm.

Plaintiff claims he was denied adequate medical treatment while incarcerated at the CCC.  He claims that when he arrived at the CCC on October 8, 2002, he did not have his personal wheelchair.  He admits he received a wheelchair on October 9, 2002, but complains that it was not adequate.  He claims he was denied medical treatment for a neck injury he allegedly received on October 8, 2002.  He claims he received inadequate medical treatment for his arm after it was allegedly injured by two deputies on May 1, 2003.

Plaintiff claims he takes Dilantin, ECASA, Colace, Alenotol and ACTz.  He claims Deputy Dawson and Nurse Carol Martin denied him his medications while he was on lock-

down for 12 days.  He claims they refused to bring him his medications even though they knew he had an arm injury and was unable to come to pill call because of the ramp.

Plaintiff claims Dorothy Sutton and Rick Ferris failed to properly investigate the grievances he filed in the administrative remedy procedure.  He claims that as a result of their improper investigation, he was denied medical care.

Accordingly, Plaintiff seeks monetary compensation and to have the Defendants charged with aggravated battery.

For the reasons discussed below, Plaintiff's claims should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Prescription**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as:  "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  See La. C.C. art. 3492.  The Fifth Circuit qualified this prescriptive period, however, when it held

Page 5 of  10

that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983).  Finally, prescription on the claim is tolled while the administrative remedy procedure is pending.  <u>See Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Officer Mandles, Shreveport Police Officers 1 and 2, Richard Van Rosendall, ERT Officers 1-5, Sgt, Mitchell and Commander Coleman during his arrest and booking into CCC on October 8, 2003.  He further claims Deputy Pace and Deputy McLofton physically attacked him on May 1, 2003.  He claims Deputy Dawson and Nurse Carol Martin denied him his medications for 12 days.  He further claims Deputy Gay, Deputy John Wright, Deputy Jack Brown, Lt. Leach, Sgt. Walker and Sgt. Mosely subjected him to conditions which violated his civil rights.  Plaintiff's first civil action raising these claims was filed on October 14, 2003 and he claims his administrative remedies were exhausted at that time.[1]  Thus, prescription began to run as to these claims at the latest on October 14, 2003, when he filed his first complaint.  The above entitled and numbered complaint was not signed by Plaintiff until December 21, 2006 and it was not filed by the Clerk of Court until January 11, 2007.  Plaintiff's claims against Steve Prator, Officer Mandles, Shreveport Police Officer John Doe 1, Shreveport Police Officer John Doe 2, Jim

---

[1] Plaintiff's first Section 1983 complaint alleging the same claims had no tolling effect because the complaint was dismissed without prejudice and leaves the party in the same legal position as if no suit had been filed. <u>See Hilbun v. Goldberg,</u> 823 F.2d 881, 883 (5th Cir.1987), <u>cert. denied,</u> 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 427 (1988) and <u>Norlock v. City of Garland,</u> 768 F.2d 654, 658 (5th Cir.1985)(receded from on other grounds).

Roberts, John Sells, Richard Van Rosendall, S. Mitchell, Deputy McLofton, Deputy Pace, Kirby Dawson, Carol Martin, Commander Coleman, Lt. Leach, Deputy Gay, Deputy John Wright, Deputy Jack Brown, R. Grear, Sgt. Walker, Sgt. Mosely,  ERT John Doe 1, ERT John Doe 2, ERT John Doe 3, ERT John Doe 4 and ERT John Doe 5 are therefore prescribed.

Accordingly, Plaintiff's claims against Steve Prator, Officer Mandles, Shreveport Police Officer John Doe 1, Shreveport Police Officer John Doe 2, Jim Roberts, John Sells, Richard Van Rosendall, S. Mitchell, Deputy McLofton, Deputy Pace, Kirby Dawson, Carol Martin, Commander Coleman, Lt. Leach, Deputy Gay, Deputy John Wright, Deputy Jack Brown, R. Grear, Sgt. Walker, Sgt. Mosely,  ERT John Doe 1, ERT John Doe 2, ERT John Doe 3, ERT John Doe 4 and ERT John Doe 5 should be dismissed with prejudice as frivolous.

**Res Judicata/Claim Preclusion**

"The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." Davis v. Dallas Area Rapid transit, 383 F.3d 309, 312-313 (5th Cir. 2004)(citing Allen v. McCurry, 449 U.S. 90, 94(1980).  For a claim to be barred by the doctrine of res judicata, four elements must be met: (1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits.  Id.

Plaintiff's claims against Dorothy Sutton, Rick Ferris, Sheila Wright, Exie Dean and Silver Busey are identical to the claims he raised against them in #03-cv-1911.  On October 6, 2005, Plaintiff's claims against these Defendants in #03-cv-1911 were dismissed with prejudice as frivolous.  This judgment is final.  Thus, Plaintiff's claims against Dorothy Sutton, Rick Ferris, Sheila Wright, Exie Dean and Silver Busey are barred by the doctrine of res judicata.

Accordingly, Plaintiff's claims against Dorothy Sutton, Rick Ferris, Sheila Wright, Exie Dean and Silver Busey should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989).  See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the  proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2nd

day of October, 2007._____

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE